UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  5:12cr5/MW/CJK
 5:15cv218/MW/CJK

JASON APOLLO BROXTON
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and supporting memorandum of law. (Docs. 808, 811).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that Defendant's motion should be summarily dismissed.

BACKGROUND and ANALYSIS

On August 23, 2012, Defendant pleaded guilty to a single count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846.  (Doc. 343–346).  The Government had previously filed a notice

of its intent to seek enhanced penalties, listing three prior felony drug convictions. (Doc. 186). These three convictions are identified in the third revised final Presentence Investigation Report. (Doc. 601, PSR ¶¶ 119, 124, 127). The district court sentenced Defendant to a term of 262 months imprisonment on October 17, 2013. (Doc. 629). The clerk entered judgment on November 6, 2013. (Doc. 637). Defendant did not appeal, and he filed nothing further until he filed the instant motion to vacate pursuant to the prison mailbox rule[1] on August 17, 2015. (Doc. 808).

Defendant's lone ground for relief in the instant motion is that he is entitled to resentencing pursuant to the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. 135 S. Ct. at 2563.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Defendant claims that his motion is timely filed pursuant to 28 U.S.C. § 2255(f)(3), which provides that a § 2255 motion must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[2] The Supreme Court has not declared its decision in *Johnson* to be retroactively applicable on collateral

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

[2] Unlike § 2255(h), this section does not require that the Supreme Court itself hold that the new rule is retroactively applicable on collateral review. *See Bryant v. Warden*, 738 F.3d 1253, 1277 (11th Cir. 2013).

Case Nos. 5:12cr5/MW/CJK; 5:15cv218/MW/CJK

review, nor has any court within this circuit. *See In re Rivero*, Case No. 15-13089-C, 2015 WL 4747749 (11th Cir. Aug. 12, 2015) (denying application for leave to file a second or successive § 2255 motion based on *Johnson*); *Haugabook v. United States*, Case Nos. 8:15-cv-1756-T-24TBM, 8:08-cr-254-T-24TBM (M.D. Fla. Jul. 30, 2015) (denying § 2255 motion based on *Johnson* as successive, untimely and without merit); *but see Price v. United States*, Case No. 15-2427, 2015 WL 4621024 (7th Cir. 2015) (authorizing district court to entertain a second or successive § 2255 motion based on *Johnson*). Accordingly, the *Johnson* decision does not enable Defendant to circumvent the one year statute of limitations through the application of 2255(f)(3), and his motion is untimely.

Even if *Johnson* were retroactive, it affords Defendant no relief. Defendant did not receive an enhanced sentence pursuant to ACCA, but rather as a career offender under section 4B1.1 of the Sentencing Guidelines.[3] (*See* doc. 601, PSR ¶ 106). Only two, rather than three, prior convictions of either a crime of violence or a controlled substance offense are required in order for a defendant to be classified as a career offender. Defendant's PSR reflects that at the time of sentencing, Defendant had three prior convictions for controlled substance offenses. (PSR ¶¶ 119, 124, 127; *see also* doc. 186). Therefore, none of the offenses used to classify Defendant as a career offender is affected by the Supreme Court's invalidation of the residual clause. Hence, even if *Johnson* is ultimately determined to be retroactive, Defendant would not be entitled to relief.

---

[3]Section 4B1.2, which defines "crime of violence" for purposes of the Guidelines, includes a residual clause that mirrors the residual clause contained in ACCA that the Supreme Court found unconstitutional.

Case Nos. 5:12cr5/MW/CJK; 5:15cv218/MW/CJK

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.	The motion to vacate, set aside, or correct sentence (docs. 808, 811) be summarily **DENIED and DISMISSED**.

2.	A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of August, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos. 5:12cr5/MW/CJK; 5:15cv218/MW/CJK

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.